**Mr. Michael Thomas PAUL,
Plaintiff-Appellant**

· v.

**CITY OF SAN ANTONIO, Acting BY AND THROUGH the CITY PUBLIC SERVICE BOARD (CPS ENERGY), Defendant-Appellee**

No. 17-50272

United States Court of Appeals, Fifth Circuit.

Filed February 16, 2018

Michael Thomas Paul, Pro Se

Jeffrey Todd Harvey, Kayla Tanner, Jackson Walker, L.L.P., San Antonio, TX, for Defendant-Appellee

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM: *

Michael Thomas Paul has moved for the appointment of counsel and for leave to appeal in forma pauperis (IFP) from the district court's dismissal of his civil action for lack of federal subject-matter jurisdiction and for failure to state a claim under federal law. Because the district court certified that the appeal is not in good faith, Paul's IFP motion "must be directed solely to the trial court's reasons for the certification decision," *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997), and our inquiry "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). We may rule on the merits of the appeal or dismiss it "when it is apparent that an appeal would be meritless." *Baugh*, 117 F.3d at 202 & n.24; *see* 5TH CIR. R. 42.2.

Paul expressly declines to identify any non-frivolous ground on which to appeal the dismissal of his claims. Instead, he contends that the district court abused its discretion by refusing to appoint counsel because he could have presented valid claims with the assistance of counsel. We will not overturn a district court's decision regarding appointment of counsel unless the appellant shows a "clear abuse of discretion." *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). It may be appropriate to appoint counsel for an indigent litigant in

---

exceptional circumstances "if doing so would advance the proper administration of justice." *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). Paul identifies no such circumstances. He has made coherent allegations but fails to accept that those allegations do not state any claim that arises under federal law or invokes federal jurisdiction. *Cf. MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) (holding that alleging violations of federal regulations in addition to state law claims "does not suffice to render the action one arising under federal law").

Paul fails either to identify a non-frivolous issue for appeal or to show that the district court abused its discretion by refusing to appoint counsel. His motions for leave to appeal IFP and for appointment of counsel are DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.